# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### HELENA DIVISION

| | |
|---|---|
| JIMMIE LEE AKER | CV 15-00033-H-DLC-JTJ |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| POWELL COUNTY, MACO INSURANCE, JOHN DOES 1-5, | |
| Defendants. | |

On April 17, 2015, Mr. Aker filed a "Motion to Proceed on Appeal Without Paying the Filing Fee" (Doc. 1) and a "Complaint and Demand for Jury Trial." (Doc. 2.) Both documents are captioned for the United States District Court, but Mr. Aker wrote a state court case number, DV 14-56, on the documents. It is not clear whether Mr. Aker is attempting to appeal a state court decision in this Court or whether he is attempting to initiate a new case regarding the underlying events set forth in the Complaint. Either way, he cannot proceed in federal court.

"A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). In addition, "[i]f the court determines at any time that it lacks

1

subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P.

12(h)(3); *see also Fiedler v. Clark*, 714 F.2d 77, 78–79 (9th Cir. 1983) (a federal

court may dismiss *sua sponte* a complaint for lack of subject matter jurisdiction).

Given that Mr. Aker's Complaint is without merit, the Motion to Proceed in Forma

Pauperis should be denied and the case dismissed without prejudice.

## I. Appeal

Mr. Aker's motion to proceed without paying the filing fee is entitled:

"Motion to Proceed on Appeal without Paying the Filing Fee." (Doc. 1.) The

motion is presented on a Montana Supreme Court form and indicates that Mr. Aker

believes the state district court made the following mistakes: "Dismissed without

just cause, false information from county attorney, misleading information on

statute of limitations." (Doc. 1 at 2.) To the extent Mr. Aker is attempting to

appeal a state district court decision, the case must be dismissed for lack of

jurisdiction.

Federal district courts do not have appellate jurisdiction over state court

judgments. *See* 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,

544 U.S. 280, 283 (2005). The *Rooker–Feldman* doctrine forbids a losing party in

state court from filing suit in federal district court after the state proceedings have

ended, complaining of an injury caused by a state court judgment, and seeking

federal court review and rejection of that judgment. *Skinner v. Switzer*, 562 U.S. 521, 131 S.Ct. 1289, 1297 (2011).[1] This jurisdictional bar extends to actions that are de facto appeals from state court judgments in that the federal claims "are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008). "Rooker–Feldman thus applies only when the federal plaintiff both asserts as [his] injury legal error or errors by the state court and seeks as [his] remedy relief from the state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004).

Mr. Aker appears to be attempting to appeal a state court decision, and this Court does not have jurisdiction to hear any such appeal.

## II.  Underlying Action

To the extent Mr. Aker is attempting to file an original action in this Court regarding the allegations in his Complaint, his claims also fail as he not presented a jurisdictional basis for his claims. Even if he could establish subject matter jurisdiction, his claims are barred by the applicable statute of limitations.

---

[1]The *Rooker–Feldman* doctrine derives its name from two United States Supreme Court cases: (1) *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and (2) *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923).

## A.  Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and can adjudicate only those cases that the United States Constitution and Congress authorize them to adjudicate.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  A federal court has a duty to determine its subject matter jurisdiction during the pendency of an action.  *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966, 967 (9th Cir. 2004).

Congress has authorized federal jurisdiction in cases that present a federal question as set forth by 28 U.S.C. § 1331 and in cases where there is complete diversity of citizenship and the amount in controversy exceeds $75,000 as set forth by 28 U.S.C. § 1332.  A party seeking to invoke federal subject matter jurisdiction has the burden of establishing that jurisdiction exists.  *Data Disc, Inc. v. Sys. Tech. Associates, Inc.*, 557 F.2d 1280 (9th Cir. 1977).  Therefore, Mr. Aker must make a prima facie showing of subject matter jurisdiction in order to maintain his claims.  *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986).

There does not appear to be federal question jurisdiction.  Mr. Aker's underlying claim is a state law slip and fall claim against Powell County for which there is no federal question jurisdiction.  In *Jensen v. City of Oxnard*, 145 F.3d 1078 (9th Cir. 1998), the Ninth Circuit held that "public employees cannot bring §

1983 claims against their employers for injuries suffered on the job on the theory that the government 'violated a federal constitutional obligation to provide its employees with certain minimal levels of safety and security.' " *Id*. at 1083 (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 127 (1992)). Mr. Aker has no constitutional right to a safe workplace; thus, there is no basis for a Section 1983 claim.

Defendants and Mr. Aker appear to all be citizens of the State of Montana, and therefore, Mr. Aker cannot establish diversity jurisdiction. The Court does not construe any other potential basis of federal subject matter jurisdiction.

**B. Statute of Limitations.**

Even if Mr. Aker could establish subject matter jurisdiction, his claims are barred by the applicable statute of limitations. The statute of limitations governing personal injury actions in Montana is three years after the action accrues. Mont. Code. Ann. § 27-2-204(1).

Mr. Aker complains about an incident that occurred in October 2009, almost six years ago. He alleges that mediation in the matter was suspended in May 2011, almost four years ago. As such, any claims that Mr. Aker might have regarding incidents that occurred in October 2009 are barred by the applicable statute of limitations.

## III.  Conclusion

Mr. Aker cannot appeal a decision of a state district court to this Court.  To the extent he is seeking to bring an original action in this Court, he has failed to present a valid basis for subject matter jurisdiction, and his claims are barred by the applicable statute of limitations.  These are not defects that could be cured by amendment.  Accordingly, Mr. Aker should not be allowed to proceed in forma pauperis, and the Complaint should be dismissed with prejudice.

Based upon the foregoing, the undersigned issues the following:

## RECOMMENDATIONS

1.  Mr. Aker's Motion to Proceed in Forma Pauperis (Doc. 1) should be **DENIED** and this matter **DISMISSED**.

2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Aker may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure

---

[2]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 12th day of May, 2015.

    /s/ John Johnston
John Johnston
United States Magistrate Judge