FILED

JUN 18 2015

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JIMMIE LEE AKER, | CV 15-33-H-DLC-JTJ |
| Plaintiff, | |
| vs. | ORDER |
| POWELL COUNTY, MACO INSURANCE, JOHN DOE 1-5, | |
| Defendants. | |

United States Magistrate Judge John Johnston entered his Findings and Recommendation on May 12, 2015, recommending that Plaintiff Aker's Motion to Proceed in Forma Pauperis be denied and Complaint dismissed for failing to clear the in forma pauperis pre-screening bar set by 28 U.S.C. § 1915. Judge Johnston found Aker's Complaint cannot proceed in federal court whether he is attempting to (1) appeal a state court decision or (2) initiate a new case regarding the events alleged in the Complaint, because either attempt lacks merit. "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). Although Aker has filed a document which may be construed as objections to the Findings and

1

Recommendation, the objections are perfunctory and general in nature, and therefore lack the specificity required to entitle Aker to *de novo* review under 28 U.S.C. § 636(b)(1). *Rosling v. Kirkegaard*, 2014 WL 693315 at *3 (D. Mont. Feb. 21, 2014). The Court will therefore review the record for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). For the reasons explained, the Court adopts Judge Johnston's Findings and Recommendation in full.

Aker's Motion to Proceed on Appeal is presented to this Court on a Montana Supreme Court form, identifies Aker as the "Appellant," (Doc. 1 at 1), and states he believes the state district court made the following mistakes: (1) dismissed his case without just cause, (2) relied on false information from the county attorney, and (3) presented misleading information on the statute of limitations. Attached to the Motion to Proceed on Appeal is a Complaint and Demand for Jury Trial identifying the case number as DV 14-56, a state court case number. Aker's Complaint alleges that on October 30, 2009, while carrying bags of garbage down the stairs as an employee of the Powell County Courthouse, he sustained serious injuries causing permanent disability as the result of a slip and

fall. Aker asserts mediation was suspended in his personal injury case on May 17, 2011, following his conviction for felony sexual assault.

Judge Johnston found, and this Court agrees, that if Aker is attempting to appeal a state court decision, this Court lacks appellate jurisdiction over state court judgments and the case must be dismissed. *See* 28 U.S.C. § 1257. This jurisdictional bar extends to complaints alleging an injury caused by a state court judgment and seeking federal court review and rejection of that judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005); *Skinner v. Switzer*, 562 U.S. 521, 131 S. Ct. 1289, 1297 (2011).

Judge Johnston alternatively found, and this Court agrees, that if Aker is attempting to initiate a new suit against Powell County, MACO Insurance, and John Does 1-5, his Complaint fails to present a valid basis for subject matter jurisdiction. 28 U.S.C. § 1331, 1332; Fed.R.Civ.P. 12(h)(3); *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F. 3d 960, 967 (9th cir. 1977); *Jensen v. City of Oxnard*, 145 F. 3d. 1078 (9th Cir. 1998). Accordingly, whether construed as an appeal or a new suit, this Court lacks jurisdiction and the Complaint must be dismissed. Because the Court lacks jurisdiction, it will not address whether Aker's claim is barred by the statute of limitations.

The Court finds no clear error in Judge Johnston's Findings and

Recommendation. Aker's Motion to Proceed in Forma Pauperis is denied. This case is dismissed without prejudice for lack of jurisdiction.

IT IS ORDERED that Judge Johnston's Findings and Recommendation (Doc. 4) are ADOPTED IN FULL. Aker's Motion to Proceed in Forma Pauperis (Doc. 1) is DENIED. Aker's Complaint (Doc. 2) is DISMISSED. This case is CLOSED.

DATED this 18th day of June, 2015.

Dana L. Christensen, Chief Judge
United States District Court